AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

KIMBERLY MARIE LAWSON

Case No. 18CR0873-JLS

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 46) and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,[1]

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish that her current medical condition presents an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). Defendant contends that her BMI of 31, her history as a cigarette smoker and methamphetamine and heroin user, and allergy to Amoxicillin and Penicillin place her at higher risk of serious health complications from COVID-19. Defendant is 37 years of age and has a BMI of 31. Although the Centers for Disease Control and Prevention ("CDC") identifies obesity as a COVID-19 risk

---

[1] Although the Ninth Circuit has determined that the Sentencing Commission policy statement is not applicable to motions filed by a defendant under the amended § 3582(c)(1)(A), the court recognized that it may inform a district court's discretion. *United States v. Aruda,* 993 F.3d 797 (9th Cir. 2021).

factor,[2] Defendant's BMI of 31 places her at the low end of the 30-40 BMI obesity range identified by the CDC.  As has been noted by other courts, "BMI is a notoriously blunt tool with "clinical limitations," including its inability to differentiate between excess fat, muscle, and bone mass." *United States v. Tranter*, 471 F.Supp.3d 861, 865 (citation omitted) (N.D. Ind. 2020).  Here, Defendant has demonstrated no medical issues stemming from her body weight, nor any extraordinary health condition  presented by her history as a smoker and drug user.

More importantly, Defendant has refused the COVID-19 vaccinations offered to her.  Courts have recognized that given the effectiveness of COVID-19 vaccines, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction."  *United States v. Lemons*, 14 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).  Although courts have recognized that there may be exceptions for prisoners unable to receive or benefit from a vaccine, Defendant's claim that she has suffered negative side effects from previous vaccinations is not borne out by her medical records.

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated:  April 22, 2022

Hon. Janis L. Sammartino
United States District Judge

---

[2] Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html (last accessed April 21, 2022).